UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIRECT STEEL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 22 C 226 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| AMERICAN BUILDINGS COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Direct Steel, LLC filed this suit seeking a declaration that two change orders it signed in connection with a construction contract are void on the grounds that defendant procured plaintiff's agreement under economic duress.[1] Defendant moves to dismiss and for an award of attorneys' fees. For the reasons set forth below, the Court grants in part and denies in part the motion to dismiss.

---

[1] The parties disagree as to the identity of the proper defendant. Plaintiff asserts that it named the proper defendant, American Buildings Company. If that is the proper defendant, then plaintiff has alleged a proper basis for this Court's jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1). First, plaintiff alleges that the amount in controversy exceeds $75,000.00. (Am. Complt. ¶ 5). Plaintiff has alleged that its sole member, Rosemary Swierk, is a citizen of Illinois. (Am. Complt. ¶ 3). Finally, plaintiff alleges that defendant American Buildings Company is a Delaware corporation with its principal place of business in Alabama. (Am. Complt. ¶ 4). A different entity, Nucor Building Systems Texas ("NBST"), has stepped in to defend this action and states that it is the proper defendant. NBST states that it is a division of Nucor Corporation. A division of a corporation is, for purposes of diversity jurisdiction, a citizen of "the state of which the corporation that owns the division is a citizen." *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). Nucor Corporation, according to its annual report, is a Delaware corporation with its principal place of business in North Carolina. The Court need not decide at this point who the proper defendant is. Jurisdiction is secure either way.

I. BACKGROUND

The following facts are from plaintiff's complaint, and the Court takes them as true.

Plaintiff Direct Steel, LLC ("Direct Steel") is a general contractor. In December 2020, plaintiff was awarded a government contract for a construction project at Fort Hood in Texas.

In connection with that construction project, plaintiff entered into two contracts with defendant. Specifically, on or about January 15, 2021, plaintiff and defendant entered into: (1) a contract (the "Warehouse contract") under which defendant would supply drawings and building materials for a supply-support warehouse in exchange for $737,969.00; and (2) a contract (the "Covered Storage contract") under which defendant would supply drawings and building materials for three covered storage buildings in exchange for $209,819.00. Thus, the total price for the two contracts was $947,788.00.

Both contracts[2] state, in relevant part:

> 2. **Payment Terms**. Unless otherwise set forth in this Agreement and approved by Seller's authorized credit representative, terms of payment are 10% prepaid and the balance paid cash on delivery or tender of delivery. . . .
> \* \* \*
> 4. **Delivery**. . . . Any "Must Ship By Date" set forth in the Sales Documents is for purposes of price protection only. If the Products do not ship by the designated "Must Ship By Date" due to delays beyond Seller's control, including without limitation, Purchaser delays, (a) the price provided in the Sales Documents may be increased by Seller, which shall be binding on Purchaser, and (b) Seller shall invoice Purchaser for the full amount of the purchase price of such Products, which shall be paid in accordance with the terms of payment herein.

[Docket 11-1 at 22 ¶¶ 2, 4; Docket 11-2 at 17 ¶¶ 2, 4].

---

[2] Defendant attached to its motion to dismiss a copy of each contract. The Court may consider those documents without converting the motion to dismiss to a motion for summary judgment, because the policies are referred to in plaintiff's complaint and are central to plaintiff's claim. *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 778 (7th Cir. 2007).

Plaintiff alleges that in April 2021, defendant demanded that plaintiff sign a change order that increased the price of the Warehouse contract by $300,110.00. In July 2021, defendant demanded plaintiff sign a change order that increased the price of the Covered Storage contract by $106,749. According to plaintiff, defendant:

> threatened that if [plaintiff] did not agree to the vastly increased payment amounts demanded by [defendant], then [defendant] would terminate the contracts and cancel Direct Steel's Builders Agreement. [Defendant] also unilaterally changed the payment terms from net-30 . . . to 10% down, net cash on delivery. (net-30 terms were only reinstated after DSL's execution under duress of the unilateral, unsubstantiated change orders.) At that point, [plaintiff] was in an untenable position. [Plaintiff] could not immediately initiate legal action and risk being unable to complete the [project for the government]. . . . [A] delay would have exposed [plaintiff] to liquidated damages, extended overhead costs, significant damage to [plaintiff's] reputation . . . [Plaintiff] explored the possibility of contracting with other manufacturers, but, among other things, the lead times were running approximately 30-40 weeks.

(Am. Complt. ¶ 12).

Based on these allegations, plaintiff seeks a declaration that the change orders are void. Plaintiff alleges it has paid defendant $1,098,312.10. Plaintiff alleges the issue is ripe, because defendant has submitted to plaintiff invoices demanding payment of an additional $256,334.90. Defendant moves to dismiss.

## II.     STANDARD ON A MOTION TO DISMISS

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not

3

suffice. *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a claim must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Allegations that are as consistent with lawful conduct as they are with unlawful conduct are not sufficient; rather, plaintiffs must include allegations that "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In considering a motion to dismiss, the Court accepts as true the factual allegations in the complaint and draws permissible inferences in favor of the plaintiff. *Boucher v. Finance Syst. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). Conclusory allegations "are not entitled to be assumed true," nor are legal conclusions. *Iqbal*, 556 U.S. at 680 & 681 (noting that a "legal conclusion" was "not entitled to the assumption of truth[;]" and rejecting, as conclusory, allegations that "'petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement"). The notice-pleading rule "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-679.

**III. DISCUSSION**

The parties agree that Texas law applies to this case. (Def. Brief at 5-6/Docket 11 at 5-6; Plf. Brief at 5/Docket 17 at 5). As a federal court considering this case under diversity jurisdiction, this Court's job is to predict how the highest court in Texas would decide the issues. *Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015); *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002) ("[W]e adhere today to the general rule, articulated and applied throughout the United States, that, in determining the content of state law, the federal courts must assume the perspective of the highest court in that state and attempt to ascertain the governing substantive law on the point in question.").

Under Texas law, economic duress is an affirmative defense to the enforcement of a contract. *Gerritsen Beach Investments, Ltd. v. Jemal*, Case No. 3:08-cv-1192-N, 2010 WL 11618302 at *3 (N.D. Tex. April 9, 2010). The elements of economic duress under Texas law are: "(1) a threat of an act that the actor had no legal right to do; (2) a threat of such a nature it destroys the other party's free agency; (3) a threat that overcomes the other party's free will and causes it to do what it otherwise would not have done and that it was not legally bound to do; (4) imminent restraint; and (5) no means of protection." *In re Frank Kent Motor Co.*, 361 S.W.3d 628, 632 (Tex. 2012) (citing *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 837 (Tex.App.-Houston [1st Dist.] 1999, no pet.). "What constitutes duress is a question of law, but whether duress exists in a particular situation is generally a question of fact[.]" *Vietentours GMBH v. The Ticket Co, Inc.*, Case No. 01-09-00732-CV, 2011 WL 1103042 at *5 (Tex.App.-Houston [1st Dist.] 2011).

Defendant argues that plaintiff has not plausibly alleged an imminent restraint. Specifically, defendant argues that a significant amount of time elapsed between the time defendant proposed a change order and the time plaintiff signed it. Under Texas law, a person who has "adequate time to consult with professionals" cannot show a restraint was imminent. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *see also McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92-93 (5th Cir. 1995) ("Given the short amount of time [one day] available to him, it is not clear that [plaintiff] could or could not have pursued other financing opportunities, but he made no showing that he could not have pursued legal remedies. Thus, [plaintiff] failed to establish that there was an imminent threat which destroyed free will."). Accordingly, the passage of time cuts against a finding that a threat was imminent. *See DT Apartment Group, LP v. CWCapital, LLC*, Case No. 3:12-cv-0437-D, 2013 WL 2317061

at *4-5 (N.D. Tex. May 28, 2013) (dismissing economic duress claim for failure to allege imminence plausibly where "approximately seven months elapsed between [plaintiff's] default and its first capitulation to defendants' contractual terms"). Here, the dates when plaintiff signed the change orders are outside the pleadings, so the Court may not consider those dates on a motion to dismiss. Fed.R.Civ.P. 12(d). The pleadings contain, however, plaintiff's allegations that it lacked time to pursue legal remedies. Whether those allegations are true and whether plaintiff has sufficient evidence to establish duress are questions for another day.[3]

Next, defendant argues that plaintiff has failed to allege plausibly that defendant threatened an action it had no legal right to take. As defendant notes, Texas courts have been clear that something a party has a legal right to do cannot constitute duress. Thus, in *In re Frank Kent*, the Texas Supreme Court said, "Since an employer has the legal right to fire an employee for almost any reason, threatening to fire an employee who does not accept new employment terms is not coercion that will invalidate a contract." *In re Frank Kent*, 361 S.W.3d at 632. Similarly, the "mere fact that a person enters into a contract with reluctance, or as a result of the pressure of business circumstances, financial embarrassment, or economic necessity, does not, of itself, constitute business compulsion or economic duress invalidating a contract." *Gerritsen Beach*, 2010 WL 11618302 at *3 (citing *First Tex. Sav. Ass'n v. Dicker Ctr*, 631 S.W.2d 179, 186 (Tex. App.-Tyler 1982, no writ). A threat "to exercise one's rights under a contract does not constitute duress." *Villaje Del Rio, Ltd. v. Colina Del Rio, LP*, Case No. SA-07-CA-947-XR, 2009 WL 10670091 at *7 (W.D. Tex. March 5, 2009) (quoting *First Nat. Bank of Bellaire v.*

---

[3] Defendant does not argue that plaintiff has plead itself out of court on the issue of imminent restraint by alleging, and thus admitting, it "explored the possibility of contracting with other manufacturers[.]" (Am. Complt. ¶ 12).

6

*David W. Showalter, P.C.*, No. 14-95-01532, 1998 WL 350518 at *4 (Tex. App.-Houston [14th Dist.] June 25, 1998, no pet.).

Here, plaintiff has not included in its amended complaint any allegations—even conclusory allegations—that defendant had no legal right to ask plaintiff to sign the change orders to increase the price. Defendant has pointed out that, under some circumstances, the contracts allowed it to request a change in price. [Docket 11-1 at 22 ¶ 4; Docket 11-2 at 17 ¶ 4]. In order to state a claim, plaintiff will need to allege plausibly that defendant had no legal right to request the change in price.[4]

Plaintiff has failed to state a claim for economic duress, so her amended complaint is dismissed without prejudice. Defendant's request for attorneys' fees is denied.[5]

---

[4] Plaintiff also seems to be alleging that defendant required plaintiff to change the payment terms under duress. Plaintiff does not seem to be trying to render void the new payment terms. According to plaintiff's allegations, defendant reinstated plaintiff's preferred payment terms.

[5] Defendant's request for attorneys' fees is not well taken. Defendant does not seek fees as a sanction under, for example, Rule 11. Instead, defendant seeks fees based on a term in the contracts. When a party wants relief from a federal court under the terms of a contract, it files a claim and follows the Federal Rules of Civil Procedure in an attempt to obtain a judgment. Defendant has not filed a claim or counterclaim in this case.

## IV. CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part defendant's motion [10] to dismiss. Plaintiff's amended complaint is dismissed without prejudice. Plaintiff is granted leave to file a second amended complaint by July 6, 2022. Defendant's deadline to answer or otherwise plead is August 3, 2022.

**SO ORDERED.**                                   **ENTERED: June 9, 2022**

                                                               **HON. JORGE ALONSO**
                                                               **United States District Judge**